**UNITED STATES of America,
Plaintiff—Appellant,**

v.

**Demond Whitney WILLIAMS,
Defendant—Appellee.**

No. 05–10406.

D.C. No. CR–04–00154–VRW.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 13, 2006.

Decided March 17, 2006.

Hannah Horsley, USSF—Office of the U.S. Attorney, Gregg Lowder, U.S. Attorney's Office, San Francisco, CA, for Plaintiff—Appellant.

Arthur K. Wachtel, San Francisco, CA, for Defendant—Appellee.

---

Before REINHARDT, NOONAN, and HAWKINS, Circuit Judges.

### MEMORANDUM*

The government appeals the sentence imposed on Demond Whitney Williams, arguing that the district court failed to provide an adequate justification and that the sentence was unreasonable. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(b) and affirm.

At Williams's sentencing, the district court adopted the factual recitals included in the presentence investigation report and although it recognized that the probation officer's sentencing recommendation differed greatly from the guidelines range, chose to impose on Williams the recommended sentence of 15 months imprisonment followed by three years of supervised release and six months of home detention with electronic monitoring. In imposing its sentence, the district court recognized the need to provide "serious punishment" for Williams's conduct but selected the sentence imposed in order to avoid "setting [him] on a course that would lead to his further involvement in criminal activity," which might occur if he were to spend several years in prison. Providing further support for the sentence, the district court remarked on Williams's young age, his past good behavior, high educational capability, "willingness to take seriously the demands of a disciplined [extracurricular]

activity," ability to "comply with ... rules and regulations," and his strong family support.

As the Supreme Court explained in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), post-*Booker*, "[t]he courts of appeals review sentencing decisions for unreasonableness." *Id.* at 264, 125 S.Ct. 738. The factors outlined in 18 U.S.C. § 3553(a) "guide appellate courts ... in determining whether a sentence is unreasonable." *Id.* at 261, 125 S.Ct. 738. This court has adopted a "two-step review procedure" in which it reviews sentences imposed by the district court by: (1) determining whether the district court properly calculated the applicable guidelines range; and (2) if there was no error in applying the guidelines, evaluating the reasonableness of the sentence imposed. *United States v. Cantrell*, 433 F.3d 1269, 1279–81 (9th Cir.2006).

In the instant case, the district court properly calculated the applicable guidelines range. The district court also properly considered the § 3553(a) factors—in particular, Williams's "history and characteristics"[1]—and adequately set forth its reasons for sentencing Williams outside of the applicable guideline range. We conclude that the sentence imposed by the district court was reasonable and affirm.

**AFFIRMED.**

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The Supreme Court's decision in *Booker* allows sentencing courts to base sentences on a variety of factors that were "not ordinarily relevant" under the mandatory guidelines sentencing scheme such as "age, education and vocational skills, mental and emotional conditions, employment record, and family ties and responsibilities." *United States v. Menyweather*, 431 F.3d 692, 700 (9th Cir. 2005) (quoting *United States v. Ameline*, 409 F.3d 1073, 1093 (9th Cir.2005) (en banc) (Wardlaw, J., concurring in part and dissenting in part)) (internal quotation marks omitted).